UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-cr-20202 |
| DORIAN TREVOR SYKES, | Honorable Robert J. White |
| Defendant. | |

**ORDER**

Defendant Dorian Trevor Sykes pled guilty to several bank robbery-related charges. (ECF No. 65, PageID.299). Sykes is incarcerated currently at the Milan Federal Detention Center (FDC Milan) as he awaits sentencing. (ECF No. 74, PageID.354). Before the Court are four motions requesting evidentiary hearings; three filed by Sykes, and one filed on behalf of Sykes by his counsel. (ECF No. 69; ECF No. 73; ECF No. 74; ECF No. 75). The Court will address each in turn.

First, the Court will deny Sykes' motion for a hearing to validate his marriage license (ECF No. 69) as moot. Sykes' counsel indicated in a subsequent motion that "officials at [FDC Milan] have recognized Mr. Sykes' marriage as lawful." (ECF No. 74, PageID.355). So the issue is no longer in dispute.

Second, the Court will deny Sykes' motions to conduct evidentiary hearings (ECF No. 73; ECF No. 75). Sykes is represented by counsel. He does not have a constitutional right to hybrid representation. *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004). And the Court will decline to exercise its discretion to allow Sykes to represent himself alongside counsel. *See United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). Counsel for Sykes filed a motion seeking the same relief as ECF No. 73 and ECF No. 75 on Sykes' behalf (ECF No. 74); the motion is fully briefed (ECF No. 74; ECF No. 79; ECF No. 80); and the Court finds that the motion sufficiently addresses the issue raised by Sykes in his filings made *pro se*.

Finally, the Court will deny Sykes' motion for an evidentiary hearing as filed by his counsel. (ECF No. 74). Sykes alleged that officials at FDC Milan have retaliated against him through continued confinement in the Special Housing Unit (SHU) and denial of visitation with his wife. (*Id.* at PageID.354–55). The retaliation stems from false accusations made allegedly by FDC Milan staff against Sykes. (*Id.*). Sykes requested an evidentiary hearing because the effects of retaliation have harmed his mental and physical health and may result in unjust consequences at sentencing and his conditions within the Bureau of Prisons (BOP). (*Id.* at PageID.356).

The Court finds that the issues raised by Sykes relate largely to his conditions of confinement. As a general rule, "a defendant must file a separate civil action to

challenge his conditions of confinement." *United States v. Gomez*, No. 20-cr-20408, 2020 WL 7213822, at *7 (E.D. Mich. Dec. 7, 2020). And although "[t]he Sixth Circuit has not squarely addressed whether federal pre-trial detainees may challenge their conditions of confinement through a motion in their criminal cases when they have not yet brought a separate civil suit," *id.*, to require separate proceedings comports with the exhaustion requirements outlined by the Prison Litigation Reform Act's (PLRA), 42 U.S.C. § 1997e. That is, the PLRA requires defendants to administratively exhaust claims related to conditions of confinement before bringing them before courts. § 1997e(a). The exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences," *Porter v. Nussle*, 534 U.S. 516, 520 (2002), which includes Sykes. Accordingly, to the extent Sykes takes issue with his conditions of confinement, he must first exhaust his claims and then file a separate civil suit.

There is an exception to the rule, however. If a "condition of confinement interferes with a pretrial detainee's access to counsel in a criminal case," *Gomez*, 2020 WL 721382, at *7, then the court may address the issue in the first instance, *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). But Sykes did not raise issues with accessing counsel until his reply brief.[1] Because the

---

[1] Sykes also offered no specific examples of how FDC Milan "seriously curtailed" his access to counsel in his reply. (ECF No. 80, PageID.397).

3

Government did not have an opportunity to address the argument, the Court will not consider it. *See Jemison v. AFIMAC Glob.*, 645 F.Supp.3d 781, 801 (N.D. Ohio 2022) ("courts will not normally consider issues raised for the first time in Reply Briefs, as it deprives the non-movant of a full and fair opportunity to respond"). The Court's ruling does not preclude Sykes from raising interference with his right to counsel in a separate motion. Otherwise, the Court will deny Sykes' motion (ECF No. 74).

* * *

For the reasons given, the Court **ORDERS** that the motion for a hearing to validate Sykes' marriage license (ECF No. 69) is **DENIED AS MOOT**.

The Court **FURTHER ORDERS** that the emergency motion for a hearing to cease retaliation (ECF No. 73), motion for emergency evidentiary hearing (ECF No. 74), and motion to conduct an evidentiary hearing (ECF No. 75) are **DENIED**.

Dated: December 31, 2025                    s/Robert J. White
                                            Robert J. White
                                            United States District Judge

4